IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LARRY JEROME KEITH, | : |
| Plaintiff | : |
| VS. | : NO. 5:04-CV-143 (DF) |
| LIEUTENANT WHITEHEAD, *et al.*, | : |
| Defendant | : PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| | : BEFORE THE U. S. MAGISTRATE JUDGE |

## RECOMMENDATION

Plaintiff LARRY JEROME KEITH is an inmate in the custody of the State of Georgia. He has sued defendant LESTER PEEK[1] alleging that the defendant violated his Eighth Amendment rights. Plaintiff claims that the defendant knew that plaintiff was not being given his prescription medication and did nothing about it.

Pending before the court is the defendant's **MOTION TO DISMISS**. Tab #33. The plaintiff has filed a response to the defendant's motion. Tab #38. In entering this recommendation, the undersigned has carefully considered both the defendant's motion and the plaintiff's response.

### LEGAL STANDARD - MOTION TO DISMISS

For a motion to dismiss to be granted, plaintiff's complaint, which must factually be accepted as true, must evidence that there is no set of facts entitling him to relief. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991); *see also Luckey v. Harris*, 860 F.2d 1012, 1016-17 (11th Cir. 1988) and *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986). In such a situation, Rule 12(b)(6) of the *Federal Rules of Civil Procedure* authorizes a court to dismiss a complaint on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S. Ct. 1827, 1832, 104 L.Ed.2d 338 (1989).

---

[1] Defendants LIEUTENANT RODNEY WHITEHEAD, SHERIFF GENE POPE, and LINDA FAULKNER are not the subject of the present Motion To Dismiss.

If, as a matter of law, it is clear that no relief could be granted under any facts that could be proved consistent with the allegations, a claim must be dismissed, regardless of whether it is based on an outlandish legal theory or on a close but unavailing one. *Id*. Rule 12(b)(6) does not allow for dismissals based solely on the court's disbelief of a plaintiff's factual allegations. *Id*. *See also Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L.Ed.2d.

## DISCUSSION

In his motion, the defendant argues that because he is a member of the Board of Commissioners, he should be dismissed because he is not responsible for the day to day operations of the Butts County Detention Facility (BCDF).  He states that the Sheriff has the sole responsibility for the operations of the jail, and therefore, he has no authority over the BCDF.  Tab #33.  In his response to the defendant's motion, plaintiff argues that said defendant should be held liable because he sent him numerous letters concerning the conditions at BCDF and nothing was done.  Tab #38.

After carefully considering both the defendant's motion and the plaintiff's response, the undersigned finds that further factual development is necessary as to plaintiff's claims against this defendant.  Accordingly, IT IS THE RECOMMENDED that the defendant's **MOTION TO DISMISS** (Tab #33) be **DENIED,** *without prejudice*.[2]  Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.  The Clerk is directed to serve plaintiff with a copy of this recommendation by mailing it to the **LAST ADDRESS** provided by him.

SO RECOMMENDED, this 30th day of AUGUST, 2005.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] The undersigned finds summary judgment to be the more appropriate vehicle for dealing with plaintiff's claims against Peek.  This will permit the further factual development the court finds to be necessary.