IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LARRY JEROME KEITH,<br><br>                        Plaintiff<br><br>VS.<br><br><br>RODNEY WHITEHEAD, *et al.*,<br><br>                        Defendants | NO. 5:04-CV-143 (DF)<br><br>**PROCEEDINGS UNDER 42 U.S.C. § 1983**<br>**BEFORE THE U. S. MAGISTRATE JUDGE** |

## RECOMMENDATION

Plaintiff LARRY JEROME KEITH has filed the above-captioned *pro se* complaint pursuant to 42 U.S.C. §1983. He has sued defendants RODNEY WHITEHEAD, GENE POPE, and LINDA FAULKNER,[1] alleging that they violated his constitutional rights while he was a detained at the Butts County Jail in Jackson, Georgia. Plaintiff claims that the defendants were deliberately indifferent to his serious medical needs; specifically, he alleges that they did not respond to his requests for medical attention and refused to provide him with prescription narcotics for his severe back pain.

Before the court are the defendants' **MOTIONS FOR SUMMARY JUDGMENT**. Tabs #36 and #49. These motions are supported by briefs, affidavits, deposition, and medical records. The court advised the plaintiff of the filing of these motions and of his duty to respond properly thereto. Tabs #34 and #53. Plaintiff KEITH has responded to the defendants' motions. Tabs #46 and #55-56. In entering this recommendation, the undersigned has carefully considered the defendants' motions and all attachments thereto, as well as the plaintiff's responses.

---

[1] The plaintiff has also sued Lester Peek. Defendant Peek filed a Motion To Dismiss on August 18, 2005. Tab #33. The undersigned recommended that the motion be denied because summary judgment would be more appropriate for dealing with plaintiff's claims against defendant Peek. Tab #39. Defendant Peek filed an objection to the recommendation. Tab #41. As of today's date, the district judge to whom this case is assigned has not ruled on defendant Peek's objection.

## LEGAL STANDARDS
### A. Summary Judgment

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[2]

## DISCUSSION[3]
### Deliberate Indifference

In *Estelle v. Gamble*, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251, rehearing denied 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1976). However, the course of treatment is "a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107.[4] A mere disagreement between a prisoner and prison officials as to diagnosis or treatment does not give rise to a constitutional violation. *Id.* at 106.

Delay in access to medical attention can violate the Eighth Amendment when it is tantamount to unnecessary and wanton infliction of pain. Cases stating a constitutional claim for immediate or emergency medical attention have concerned medical needs that are obvious even to lay persons because they involve life-threatening conditions or situations where it is apparent that delay would detrimentally exacerbate the medical problem. In contrast, delay or even denial of medical treatment for superficial, nonserious physical conditions does not violate the Eighth Amendment. The seriousness of an inmate's medical needs may be decided by reference to the effect of the delay in treatment.

---

[2] *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

[3] Although plaintiff was a pre-trial detainee while incarcerated at the Butts County Jail, his claims of under the Fourteenth Amendment are analyzed under the Eighth Amendment deliberate indifference standard.

[4] At most, a mere allegation of improper or untimely treatment, without more, states a claim of medical malpractice cognizable under state law. *Id. See also Howell v. Evans*, 922 F.2d 712, 719 (11th Cir. 1991) (vacated pursuant to settlement, 931 F.2d 711 (11th Cir. 1991), reinstated by unpublished order (June 24, 1991), cited in *Howell v. Burden*, 12 F.3d 190, 191 n.* (11th Cir. 1994)). Moreover, *Estelle* specifically states that the question of whether an x-ray or additional diagnostic techniques or forms of treatment are indicated are classic examples of matters for medical judgment and that medical malpractice does not become a constitutional violation merely because the patient is a prisoner. 97 S.Ct. at 292-93.

Where the delay results in an inmate's suffering a life-long handicap or permanent loss, the medical need is considered serious. An inmate who complains that delay in medical treatment rose to a constitutional violation must place <u>verifying medical evidence in the record</u> to establish the detrimental effect of delay in medical treatment to succeed. Further, the tolerable length of the delay in providing medical attention depends on the nature of the medical need and the reason for the delay. Consequently, delay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for the delay. *Hill v. Dekalb R.Y.D.C.*, 40 F.3d 1176, (11th Cir.1994) (emphasis added).

In support of their motions for summary judgment, the defendants have submitted portions of the plaintiff's medical records, the plaintiff's deposition, and the affidavits of defendants Whithead and Faulkner. The medical records and affidavit indicate that the defendants were not deliberately indifferent to plaintiff's serious medical needs.

On June 31, 2003, plaintiff KEITH requested medical care for his back pain. The nurse who examined him scheduled him to see the doctor the following week. After plaintiff was examined by the doctor, he was allowed to have extra pillows and a mat due to his back pain. Three days later, plaintiff complained of not having received his mat and pillows. Tab #36, Exhibit 13.

Plaintiff was first examined by defendant Faulkner on August 6, 2003. Defendant Faulkner took a history and determined that plaintiff suffered from chronic neck pain and possible opiate abuse. Plaintiff was offered the pain relievers Tylenol or Advil. He refused these medications. Tab #52.

Plaintiff was next seen on August 13, 2003. He complained of continued neck pain. However, it was reported to defendant Faulkner that plaintiff was seen doing push-ups prior to reporting to medical. She also noted that he had a full range of motion in his neck. Based on this, defendant Faulkner ordered an observation log of plaintiff to determine if his subjective complaints matched the objective symptoms. That same day, plaintiff was offered Motrin which he accepted. *Id*.

Plaintiff was next seen on September 3, 2003. He refused Motrin and stated that he only wanted narcotic medication. It was noted that the medical section was still waiting to receive plaintiff's records from Emory. It was also noted that plaintiff had seen Dr. Barlow several days before and it had been explained to him that he did not need narcotic medication. *Id*.

The Butts County Jail received plaintiff's medical records on November 3, 2003. A previous MRI of plaintiff's back showed no herniation or cervical spine injury. However, there was evidence in the records to show that plaintiff's treating physician, Dr. Hopkins, reported a history of symptom exaggeration and failing to report to physical therapy. Based on this evidence, defendant Faulkner determined that there was no medical reason for plaintiff to receive narcotic medication. *Id*.

In response to the defendants' motion, the plaintiff has submitted nothing of substance to adequately rebut the defendants showing that he was provided with constitutionally adequate medical care for his back pain. Significantly, plaintiff has failed to submit any medical evidence to support his contention that his treatment fell below applicable medical standards and constitutionally adequate standards of care. Further, he admits that he was examined at medical on numerous occasions. Tab #48 at 39. Plaintiff simply disagrees with the defendants' course of treatment.

In the view of the undersigned, plaintiff KEITH has failed to establish the defendants' deliberate indifference to his medical needs, serious or otherwise. He has submitted no medical evidence to support his contention that the defendants were deliberately indifferent in treating his complaints of back pain. The record is replete with indications that treatment has been afforded the plaintiff. Therefore, the defendant are entitled to summary judgment on these claims.

5

In light of the foregoing, IT IS RECOMMENDED that the defendants' MOTIONS FOR SUMMARY JUDGMENT (Tabs #36 and #49) be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1) the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom the case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 25th day of OCTOBER, 2005.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE