IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LARRY JEROME KEITH, | : |
| Plaintiff | : |
| VS. | : NO. 5:04-CV-143 (DF) |
| LIEUTENANT WHITEHEAD, *et al*., | : |
| Defendant | : PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| | : BEFORE THE U. S. MAGISTRATE JUDGE |

## RECOMMENDATION

Plaintiff LARRY JEROME KEITH is an inmate in the custody of the State of Georgia. He has sued defendant LESTER PEEK, the only defendant remaining herein, alleging that the he violated his Eighth Amendment rights. The plaintiff claims that defendant PEEK knew that plaintiff was not being given his prescription medication and did nothing about it. On August 19, 2005, defendant PEEK filed a Motion to Dismiss (Tab #33), which the undersigned recommended be denied (Tab #39). On January 4, 2006 Judge Fitzpatrick adopted the Recommendation (Tab #78), holding that "[f]urther factual development regarding Defendant Peek's individual authority (if any) as Chairman of the Board of Commissioners to procure medical treatment for county inmates is required."

Pending before the court is the defendant's **MOTION FOR SUMMARY JUDGMENT** (Tab #88) which is supported by an attached Declaration, Brief, and Statement of Undisputed Material Facts. After the Eleventh Circuit denied the plaintiff's appeal for lack of jurisdiction (Tab #101), he filed a Response to the defendant's motion (Tab #102) and a Statement of Disputed Material Facts (Tab #103). In entering this recommendation, the undersigned has carefully considered the defendant's motion and the plaintiff's response, and all supporting documentation.

### LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

**DISCUSSION**

In his Motion, the defendant makes three arguments, the first of which is that since the plaintiff did not suffer a constitutional deprivation, he should be dismissed, citing the undersigned's Recommendation dated October 25, 2005, as authority for his claim. Secondly, the defendant argues that as a mere member of the Butts County Board of Commissioners, he has no individual authority over the Butts County Detention Facility, does not have access to the jail, and does not have the ability to make official policy for Butts County without a majority vote of his Board. The defendant's final argument is that even if the other two arguments fail, he is cloaked with qualified immunity.

---

[1] *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

While the arguments cited in his Motion for Summary Judgment are nearly identical to the arguments set forth in his Motion to Dismiss, the additional information provided by defendant PEEK in his Declaration (under penalty of perjury) has answered the undersigned's questions about the authority of the Chairman of the Board of Commissioners----- namely that the Chairman has no authority over either the management of the Sheriff's department or its employees; that the Chairman does not have any final authority without the support of a majority of the Board; and that the Chairman is not the employer of the medical staff at the hospital.  The only way the plaintiff attempts to refute any of these assertions is by claiming in his Response (Tab #102) that defendant PEEK knew of his allegations and did not oversee the sheriff's actions.[2]  Defendant Peek has provided evidence that he at no time had control over the plaintiff's medical care, and the plaintiff has done nothing to refute that claim.

Accordingly, IT IS THE RECOMMENDED that the defendant's **MOTION FOR SUMMARY JUDGMENT** (Tab #78) be **GRANTED**.  Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.  The Clerk is directed to serve plaintiff with a copy of this recommendation by mailing it to the **LAST ADDRESS** provided by him.

SO RECOMMENDED, this 31th day of MAY, 2005.[3]



                                                CLAUDE W. HICKS, JR.
                                                UNITED STATES MAGISTRATE JUDGE

---

[2] As the defendant points out in his pleadings, this court has found the actions of the plaintiff's custodian in this case to have been constitutional in its Recommendations and Orders.

[3] The court notes that plaintiff Keith has recently written a letter complaining that he never received copies of defendants' briefs in support of motions filed on August 26, 2005 (Tab #36) and September 30, 2005 (Tab #49).  The within Recommendation deals only with defendant Peek's Motion for Summary Judgment (Tab #88) to which plaintiff filed a response (Tab #102).